Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5021 | **DATE** | 7/19/2002 |
| **CASE TITLE** | Lisa Calimese vs. City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition to proceed in forma pauperis is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LISA CALIMESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 C 5021 |
| | ) | |
| CITY OF CHICAGO and POLICE | ) | |
| SUPERINTENDENT HILLARD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa Calimese brings this complaint alleging constitutional violations. Along with her complaint plaintiff has filed an application to proceed *in forma pauperis*. For the following reasons, plaintiff's petition to proceed *in forma pauperis* is granted.

Under 28 U.S.C. § 1915(a) the court may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the prescribed court fees. The application here indicates that plaintiff is currently unemployed. While plaintiff states she receives some money from public aid, she does not identify any other source of savings or income. On these facts, plaintiff has established her inability to pay court fees.

Our inquiry does not end with a finding of indigency, however. Under section 1915 we must conduct an initial review of plaintiff's claims and dismiss the action if we find that the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). This action does not appear to be frivolous or malicious and defendants are not immune to liability. Our only



inquiry, then, is whether plaintiff has properly stated a claim. We apply the same standards as if this were an ordinary dismissal under Fed.R.Civ.P. 12(b)(6). <u>Zimmerman v. Tribble</u>, 266 F.3d 568, 571 (7th Cir. 2000).

The facts of this case are taken from plaintiff's complaint. Plaintiff alleges that her Fourth and Fourteenth Amendment rights were violated when a Chicago police officer accused her of making false claims. Plaintiff states that the police officer arrived at this conclusion because plaintiff is mentally ill. In so far as plaintiff alleges that the police discriminated against her on the basis of her mental illness, she has stated a recognizable claim under the equal protection clause of the Fourteenth Amendment. In order to succeed on this claim plaintiff will eventually have to show that there is no rational basis for this alleged discrimination. <u>Board of Trustees of University of Alabama v. Garrett</u>, 531 U.S., 356, 357 (2001) *citing* <u>Cleburne v. Cleburne Living Center</u>, 473 U.S. 432. Under the minimal Rule 12(b)(6) standard, plaintiff's complaint can go forward.

For the above reasons, plaintiff's petition to proceed *in forma pauperis* is granted.

JAMES B. MORAN  
Senior Judge, U. S. District Court

July 19, 2002.